

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rafael Rosario Mercado<br><br>    Recurrido<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico, Administración de corrección<br><br>    Peticionarios | Certiorari<br><br>2013 TSPR 104<br><br>189 DPR ____ |

Número del Caso: CC-2012-398


Fecha: 26 de septiembre de 2013


Tribunal de Apelaciones:

          Región Judicial de Bayamón, Aibonito y Humacao Panel V

Oficina del Procurador General:

          Lcdo. Luis Román Negrón
          Procurador General

          Lcda. María Astrid Hernández Martín
          Procuradora General Auxiliar


Abogado de la Parte Recurrida:

          Lcda. Edna I. Beltrán Silvagnoli
          Lcdo. Pedro C. Hernández Zumaeta


Materia: Daños y Perjuicios




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Rosario Mercado

      Recurrido

        v.

Estado Libre Asociado de
Puerto Rico, Administración
de Corrección

      Peticionarios

CC-2012-0398

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 26 de septiembre de 2013.

Este caso nos brinda la oportunidad de expresarnos en torno a la aplicación del requisito de notificación al Secretario de Justicia que establece el Art. 2a de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. secs. 3077-3092a, a las personas que están confinadas.

Aunque la controversia que se plantea en autos no es novel, recientemente hemos notado un aumento en la frecuencia de casos en los que los tribunales se enfocan "en la 'realidad del confinado' para determinar si existe justa causa para la

notificación tardía al Estado". <u>ELA v. Martínez Zayas</u>, res. el 14 de junio de 2013, 2013 T.S.P.R. 68, 2013 J.T.S. 71, 188 D.P.R. __ (2013), (Opinión de Conformidad de la Jueza Asociada señora Pabón Charneco a la cual se unieron los Jueces Asociados señores Martínez Torres, Rivera García y Feliberti Cintrón).[1]

Hoy ratificamos que en esta jurisdicción todo demandante tiene que explicar la tardanza en notificar al Estado conforme lo establece el Art. 2a de la Ley Núm. 104, <u>supra</u>. <u>Berrios Román v. E.L.A.</u>, 171 D.P.R. 549 (2007). La "realidad del confinado", esto es, el hecho de que una persona se encuentre recluida bajo la custodia del Estado en una institución carcelaria, no constituye de por sí y automáticamente la justa causa que exige la ley para eximir del requisito de notificación. Tal realidad no es una excepción a la norma.

I

El 5 de julio de 2007 el Sr. Rafael Rosario Mercado, confinado en el Complejo 303 de la Cárcel Regional de Bayamón, presentó una demanda por daños y perjuicios contra el Gobierno de Puerto Rico, representado por el Departamento de Justicia, y el Departamento de Corrección y

---

[1] De igual modo, recientemente en <u>Soto Pino v. Uno Radio Group</u>, Op. de 27 de junio de 2013, 2013 T.S.P.R. 75, 2013 J.T.S. 78, 188 D.P.R. __ (2013), tuvimos que emitir nuestro dictamen como Opinión para ratificar la norma trillada que establece que los tribunales carecen de jurisdicción para prorrogar automáticamente los términos de cumplimiento estricto, ante un aumento de casos en que esa regla general se estaba ignorando.

Rehabilitación. Según los hechos que se desglosan en la demanda, el señor Rosario Mercado está diagnosticado con la condición de cataratas en su ojo derecho. Alega que esa condición podría mejorar si se le sometía a una cirugía. Sin embargo, el Sr. Rosario Mercado atribuye al Departamento de Corrección y Rehabilitación ser un impedimento desde su diagnóstico, en el 2001, para que se le someta a la intervención quirúrgica. De esta forma, asegura que la visión ha empeorado a tal grado que ya casi no puede ver por el ojo perjudicado y, como consecuencia, su calidad de vida se deteriora cada día más. En su demanda reclama una compensación total de $1,000,000.

No fue hasta el 9 de marzo de 2011 que se expidieron los emplazamientos. El 14 de marzo de 2011 se emplazó al Secretario de Justicia. El Sr. Rosario Mercado solicitó que se le anotara la rebeldía al Estado el 9 de agosto de 2011, lo que ocurrió el 26 de agosto de 2011. Se calendarizó el juicio para enero de 2012.

El 31 de agosto de 2011 el Estado presentó una Moción en oposición a la anotación de rebeldía y en solicitud de desestimación. Pidió la desestimación porque el Sr. Rosario Mercado incumplió con el requisito de notificación que impone la Ley de Pleitos contra el Estado, supra. Además, planteó que el Sr. Rosario Mercado no agotó los remedios administrativos.

El Tribunal de Primera Instancia emitió una resolución y orden el 29 de diciembre de 2001, en que denegó la

desestimación. De esa determinación, el Estado acudió al Tribunal de Apelaciones, que se negó a acoger la petición de certiorari presentada. De esa determinación, el Estado recurre ante nos. Solicita que se desestime la demanda por incumplir con la Ley de Pleitos contra el Estado, supra. El 29 de junio de 2012 expedimos el auto. El peticionario presentó su alegato el 5 de septiembre de 2012. El señor Rosario Mercado no compareció, a pesar de una resolución nuestra a esos efectos que emitimos el 11 de octubre de 2012. Estamos en posición de resolver.

II

El Gobierno de Puerto Rico posee inmunidad soberana desde que el Tribunal Supremo de Estados Unidos así lo reconoció en Porto Rico v. Rosaly, 227 U.S. 270 (1913). Véanse Berríos Román v. E.L.A., 171 D.P.R. 549, 555-556 (2007); Defendini Collazo et al. v. E.L.A., Cotto, 134 D.P.R. 28, 47 (1993). El Estado renunció parcialmente a su inmunidad soberana mediante legislación. El estatuto vigente es la Ley de Pleitos contra el Estado, supra.[2]

---

[2] El Art. 2a de la Ley de Pleitos contra el Estado indica:

> (a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así

(continúa...)

A pesar de consentir a ser demandado, la ley impuso varias restricciones. En lo pertinente, el Art. 2a, 32 L.P.R.A. sec. 3077, requiere que toda persona que interese

como el sitio donde recibió tratamiento médico en primera instancia.

(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.

(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.

(f) Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la sec. 5298 del Título 31.

entablar una reclamación por daños contra el Estado, notifique al Secretario de Justicia dentro de los 90 días de ocurrido el incidente del que surge la reclamación. En esa notificación se tiene que hacer constar la fecha, lugar, la causa y naturaleza general del daño, los nombres y direcciones de los testigos, la dirección del reclamante y lugar donde se recibió tratamiento médico. Si el reclamante estuviera física o mentalmente impedido de hacer la notificación en el término de 90 días dispuesto, podrá hacerlo dentro de los 30 días siguientes a la fecha en que cese la incapacidad. La reclamación judicial no podrá instarse sin la notificación que establece el Art. 2a de la Ley de Pleitos contra el Estado, salvo la mostración de justa causa.

El requisito de notificación cumple varios propósitos, que hemos enumerado de la siguiente manera:

1- proporcionar al Estado la oportunidad de investigar los hechos que dan origen a la reclamación;

2- desalentar las reclamaciones infundadas;

3- propiciar un pronto arreglo de las reclamaciones;

4- permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios;

5- descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable;

6- advertir a las autoridades de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y,

7- mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 755 (1992); Mangual v. Tribunal Superior, 88 D.P.R. 491, 494 (1963).

El requisito de notificación debe aplicarse de manera rigurosa, pues sin su cumplimiento, no hay derecho a demandar al Estado, que de otra forma es inmune a reclamaciones. Berríos Román v. E.L.A., supra, pág. 559. Sin embargo, la notificación es un requisito de cumplimiento estricto, no jurisdiccional. Íd., pág. 560. Por ello, hemos excusado de su cumplimiento cuando, de lo contrario, se condonaría una gran injusticia. Íd., pág. 560; Rodríguez Sosa v. Cervecería India, 106 D.P.R. 479, 485 (1977).

Por ejemplo, hemos consentido ver casos en los que se omitió la notificación que exige la Ley de Pleitos contra el Estado cuando el daño o la negligencia lo cometió el mismo funcionario a quien se tiene que dirigir la notificación. Acevedo v. Mun. de Aguadilla, 153 D.P.R. 788 (2001); Méndez et al. v. Alcalde de Aguadilla, 151 D.P.R. 853 (2000); Romero Arroyo v. E.L.A., 127 D.P.R. 724, 736 (1991). También se ha excusado del requisito cuando el

emplazamiento de la demanda ocurre dentro del término de 90 días provisto para la notificación, Passalacqua v. Mun. de San Juan, 116 D.P.R. 618, 631-632 (1985); cuando la tardanza en la notificación no se puede imputar al demandante, Rivera de Vincenti v. E.L.A., 108 D.P.R. 64, 69-70 (1978); y, por último, cuando el riesgo de que desaparezca la prueba objetiva es mínimo, y el Estado puede investigar y corroborar los hechos con facilidad. Berríos Román v. E.L.A., supra, pág. 560.

Pese a estas excepciones, el requisito de notificación mantiene su vigencia y validez, no es irrazonable ni restringe de forma indebida los derechos del reclamante. Berríos Román v. E.L.A., supra, pág. 562. Es por ello que hemos requerido al demandante evidenciar detalladamente la justa causa para omitir la notificación que exige el Art. 2a de la Ley de Pleitos contra el Estado, supra. Íd. Sólo hemos exceptuado la notificación en aquellos casos en que el requisito incumple con los objetivos de la ley y cuando jurídicamente no se justifica aplicarlo a las circunstancias. Íd. Estas excepciones creadas jurisprudencialmente no pueden tener el efecto de convertir inconsecuentes las exigencias de la Ley Núm. 104, supra. Véase J.J. Álvarez González, Responsabilidad Civil Extracontractual, 77 Rev. Jur. U.P.R. 603, 627 (2008).

Al respecto, el profesor J.J. Álvarez González expresó:

> El tratamiento jurisprudencial de este tema puede sintetizarse así: originalmente se aplicaba este requisito estrictamente a favor

del Estado, pero paulatinamente se le ha ido quitando mucho del rigor a su interpretación. Inicialmente el Tribunal resolvió que, aunque no es de naturaleza jurisdiccional, este requisito sería de cumplimiento estricto, por lo que, entre otras cosas, hay que notificar al Secretario directamente y no basta que éste se entere por otros medios. Pero muy pronto el Tribunal comenzó a aplicar la excepción de "justa causa" con gran laxitud, con lo que el supuesto "cumplimiento estricto" parecía haberse convertido en un lema sin consecuencias… El abogado competente siempre cumplirá con este requisito y sólo se refugiará en la excepción de "justa causa" cuando el cliente le llegue tarde o provenga de la oficina de un abogado menos competente. J.J. Álvarez González, supra.

En esta coyuntura debemos precisar que la obligación de este Tribunal "consiste en imprimir efectividad a la intención del legislador y garantizar así que se cumpla con el propósito para el cual fue creada la medida". Báez Rodríguez et al. v. E.L.A., 179 D.P.R. 231, 244 (2010). Así pues, es necesario recordar la norma trillada de este Foro de que "como cuestión de umbral es menester remitirnos al texto de la ley". Lilly Del Caribe v. CRIM, 185 D.P.R. 239, 251 (2012), citando a Báez Rodríguez et al. v. E.L.A., supra, pág. 245. La antipatía o bondad de la legislación no nos autoriza a ignorarla ni a dejar de aplicarla. Véase Art. 21 del Código Civil, 31 L.P.R.A. sec. 21.

De igual forma, hemos sentenciado que "los tribunales, al ejercer su función interpretativa de la ley, deberán considerar el propósito o intención de la Asamblea Legislativa al aprobar la misma. Ello, a fines de propiciar la obtención del resultado querido por el legislador originalmente". Const. José Carro v. Mun. Dorado, 186

D.P.R. 113, 126-127 (2012). Véanse, además, Piovanetti v. S.L.G. Touma, S.L.G. Tirado, 178 D.P.R. 745, 767 (2010); Piñero v. A.A.A., 146 D.P.R. 890, 898 (1998); García v. E.L.A., 146 D.P.R. 725, 733 (1998).

Así pues, en nuestra labor de interpretar las leyes "estamos obligados a lograr una exégesis que se ajuste al propósito y a la política pública que inspiró el estatuto". Consejo de Titulares v. DACo, 181 D.P.R. 945, 958 (2011). Véanse, además, Rodríguez v. Syntex, 160 D.P.R. 364, 382 (2003); Díaz Marín v. Mun. de San Juan, 117 D.P.R. 334, 342 (1986); Esso Standard Oil v. A.P.P.R., 95 D.P.R. 772, 785 (1968).

Al aprobar una ley, la intención legislativa queda plasmada en su historial legislativo. Const. José Carro v. Mun. Dorado, supra, pág. 127; Pueblo v. Zayas Rodríguez, 147 D.P.R. 530, 539 (1999). El historial legislativo incluye la exposición de motivos de la ley, las manifestaciones de los legisladores durante el trámite y los informes de las comisiones, entre otros. Íd.; R.E. Bernier y J.A. Cuevas Segarra, Aprobación e Interpretación de las Leyes en Puerto Rico, San Juan, Pubs. J.T.S., 1987, pág. 242.

En un principio, la Ley Núm. 104, supra, no requería notificar al Secretario de Justicia como condición previa para presentar una demanda. Berríos Román v. E.L.A., supra, pág. 557. Fue mediante la aprobación de la Ley Núm. 121 de

2 de junio de 1966, 1966 Leyes de Puerto Rico 396-397, que se añadió el requisito de notificación.

Surge del historial legislativo del P. de la C. 492, eventual Ley Núm. 121, supra, que la preocupación de la Asamblea Legislativa fue la siguiente:

> En muchos casos y por diversas razones, las acciones se radican cuando ya está para finalizar el término y ocurre que el Estado, por el tiempo transcurrido desde que ocurrieron los alegados daños, se encuentra con problemas de falta de información o información deficiente en cuanto a los hechos, y a[u]n con la circunstancia de la reorganización de una agencia o dependencia como resultado de lo cual se han extraviado los récords [sic] que hacen referencia al accidente u origen de los daños, así como con el movimiento de testigos presenciales, cuyo paradero se ignora al momento en que se notifica de la acción, todo ello en perjuicio de la oportunidad amplia que debe tener el Estado para hacer las alegaciones correspondientes y establecer las defensas en estos casos. 20 Diario de Sesiones de la Asamblea Legislativa, P. de la C. núm. 492, Sesión Ordinaria, 5ta Asamblea Legislativa, T. 2 pág. 845. Véase, además, Berrios Román v. E.L.A., supra, pág. 558.

Asimismo, las discusiones de ese proyecto en la Cámara de Representantes reflejan que su propósito fue requerir la notificación al Estado como requisito previo para presentar una demanda en daños y perjuicios bajo la Ley Núm. 104, supra. Sobre el particular el representante señor Torres Gómez aclaró:

> Si se trata de una persona mayor de edad que puede reclamar por sí, por un alegado daño[] contra el Estado, si esa persona teniendo conocimiento del accidente, no notifica al Secretario de Justicia bajo los requisitos de la notificación que se determinan dentro de los 90 días, pierde su derecho a demandar dentro del

año. Es decir, que la acción ahí está limitada. Íd. pág. 846.


**III**

En este caso no hay controversia en cuanto a que el señor Rosario Mercado incumplió con el requisito que impone el Art. 2a de la Ley de Pleitos contra el Estado, supra. Por lo tanto, la controversia se circunscribe a determinar si, bajo las circunstancias de este caso, el señor Rosario Mercado evidenció detalladamente la justa causa que exige la ley para eximirlo del requisito de notificación al Secretario de Justicia. Sin embargo, en el expediente de este caso no encontramos expresión alguna por parte del señor Rosario Mercado que justificara el incumplimiento con el requisito de notificación. Su condición de confinado, por sí sola, no es suficiente para eximirlo del requisito de notificación. ELA v. Martínez Zayas, supra, (Op. de conformidad de la Jueza Asociada señora Pabón Charneco a la que se unieron los Jueces Asociados señores Martínez Torres, Rivera García y Feliberti Cintrón).

En ELA v. Martínez Zayas, íd., este Tribunal entendió que hubo justa causa para que el confinado Martínez Zayas notificara tardíamente al Estado de su reclamación. No obstante, hubo discrepancia en determinar cuál debe ser el análisis a seguir cuando el demandante es un confinado. Tanto la hermana Jueza Asociada señora Pabón Charneco como

el hermano Juez Asociado señor Estrella Martínez emitieron Opiniones por separado.

En la Opinión de Conformidad del Juez Asociado señor Estrella Martínez se expuso que "la realidad que presenta la situación de ser confinado debe tenerse en cuenta al determinar si existe justa causa para la notificación al Estado". ELA v. Martínez Zayas, íd., Opinión de Conformidad del Juez Asociado señor Estrella Martínez, a la que se unieron el Juez Presidente señor Hernández Denton y las Juezas Asociadas señoras Fiol Matta y Rodríguez Rodríguez, pág. 17.

Por su parte, la compañera Jueza Asociada señora Pabón Charneco concluyó con acierto que "la condición individual de los confinados no es relevante para determinar si existe justa causa para la notificación tardía ya que la ley Núm. 104, *supra*, no contempla que sus disposiciones sean aplicadas de manera distinta a los ciudadanos de acuerdo a su realidad social". ELA v. Martínez Zayas, supra, Op. de conformidad de la Jueza Asociada señora Pabón Charneco a la que se unieron los Jueces Asociados señores Martínez Torres, Rivera García y Feliberti Cintrón, pág. 5. A pesar de esa norma, la Opinión de Conformidad de la Jueza Pabón Charneco concluyó que hubo justa causa para la notificación tardía porque hubo una investigación interna que constaba en el registro de la institución correccional. Íd., pág. 6.

Los hechos que ocurrieron en ELA v. Martínez Zayas, supra, demuestran que aunque la Ley Núm. 104, supra, no

exime a los confinados del requisito de notificar al Estado, hay circunstancias en las que estos siempre pueden demostrar que hubo una justa causa para notificar tardíamente.

En el caso ante nos, el señor Rosario Mercado no articuló expresión alguna en la que nos ilustrara cuál es la justa causa que medió para que le condonemos su incumplimiento con el requisito de notificación que impone la Ley de Pleitos contra el Estado, supra. Tampoco existe en la ley una excepción para las personas que están confinadas. No la podemos crear por fíat judicial. Lilly del Caribe v. CRIM, supra; Báez Rodríguez et al. v. E.L.A., supra. Tampoco surge del historial legislativo que la intención de la Asamblea Legislativa fuese crear esa excepción. Const. José Carro v. Mun. Dorado, supra; Piovanetti v. S.L.G. Touma, S.L.G. Tirado, supra; Piñero v. A.A.A., supra; García v. E.L.A., supra.

El señor Rosario Mercado no demostró que, en su caso, el requisito de notificación incumpliera con los objetivos de la ley, o que jurídicamente no estuviera justificada su aplicación. Berríos Román v. E.L.A., supra, pág. 562. El hecho de que el Estado posea cierta evidencia es insuficiente para eximirle del requisito de notificación, pues se le privó de entrevistar a los testigos en una fecha cercana a los acontecimientos. Íd., pág. 565. Debemos recordar que, ese es uno de los propósitos principales de la notificación dentro de los 90 días de ocurrido el

incidente, para poder prepararse adecuadamente para la reclamación. Zambrana Maldonado v. E.L.A., supra, pág. 755; Mangual v. Tribunal Superior, supra, pág. 494.

Otro de los propósitos de la notificación es propiciar el pronto arreglo de las reclamaciones, e incluso, mitigar los daños sufridos mediante el tratamiento médico adecuado. Íd. La notificación podía proveer una solución al reclamo del confinado, que mitigara los daños que sufría. Sin embargo, no se le proveyó al Estado esa oportunidad.

Es preciso recordar que la Ley de Pleitos contra el Estado es una excepción a la doctrina de inmunidad soberana, por lo que deben cumplirse sus requisitos. Berríos Román v. E.L.A., supra, págs. 556-556. En ausencia de una expresión detallada de la justa causa para la omisión en notificar al Secretario de Justicia dentro de los 90 días de ocurridos los daños que se reclaman, procede la desestimación de la demanda del señor Rosario Mercado.

En conclusión, ratificamos que en esta jurisdicción todo demandante tiene que explicar la tardanza en notificar al Estado conforme lo establece el Art. 2a de la Ley Núm. 104, supra. La "realidad del confinado" no es una excepción a esa norma. No obstante, recalcamos que hay circunstancias en las que los confinados –como cualquier otro demandante– pueden demostrar que hubo una justa causa para notificar tardíamente, de acuerdo a las realidades particulares de cada caso.

IV

Por los fundamentos antes expuestos, revocamos la Resolución del Tribunal de Apelaciones, y desestimamos la demanda que incoó el Sr. Rafael Rosario Mercado por incumplir con el requisito de notificación al Secretario de Justicia que exige el Art. 2A de la Ley de Pleitos contra el Estado, supra.

Se dictará Sentencia de conformidad.


                        RAFAEL L. MARTÍNEZ TORRES
                            Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Rosario Mercado

    Recurrido

       v.

                            CC-2012-398      Certiorari

Estado Libre Asociado de
Puerto Rico, Administración
de Corrección

    Peticionarios

Opinión Concurrente emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ, a la cual se unen el Juez Presidente SEÑOR HERNÁNDEZ DENTON, la Jueza Asociada SEÑORA FIOL MATTA y la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ.

San Juan, Puerto Rico, a 26 de septiembre de 2013.

> *Es responsabilidad de todos propiciar un sistema de justicia en el que se provea acceso inmediato y económico para atender los reclamos de la ciudadanía, que sea sensible a **la realidad particular** de los distintos componentes de nuestra sociedad, y que informe a la ciudadanía sobre sus derechos y responsabilidades, así como de todos los aspectos del proceso judicial. Exposición de Motivos de la Ley de la Judicatura, Ley Núm. 201-2003.*

Concurro con la determinación realizada por una mayoría de este Tribunal. En el caso particular ante nuestra consideración, no existe justa causa para el incumplimiento del Sr. Rafael Rosario Mercado con el requisito de notificación previa al Estado que requiere la Ley Núm. 104 de

29 de junio de 1955, 32 L.P.R.A. secs. 3077-3092a. Por ello, estoy conforme con la determinación de que la reclamación del señor Rosario Mercado debe ser desestimada. Sin embargo, para llegar a esta conclusión, la mayoría utiliza fundamentos que no considero correctos, por lo cual no puedo avalar y estar conforme con la Opinión que hoy emite este Tribunal.

Tal como expresé en la Opinión de conformidad que emitiera en el caso de E.L.A. v. Martínez Zayas, 2013 T.S.P.R. 68, 188 D.P.R. __, (Sentencia), en las situaciones en las cuales los miembros de la población correccional instan reclamaciones contra el Estado, e incumplen con el requisito de notificación previa, "[l]a realidad que presenta la situación de ser confinado debe tenerse en cuenta al determinar si existe justa causa para la falta de notificación al Estado". E.L.A. v. Martínez Zayas, *supra*, (Op. de Conformidad del Juez Asociado señor Estrella Martínez). Este criterio debe ser considerado junto a la totalidad de las circunstancias que presenta cada caso y al objetivo que persigue la notificación requerida. Íd.

La Opinión mayoritaria es una *amalgama* de visiones contradictorias en torno al alcance de la realidad de los confinados. En unas partes de esa *amalgama* se ensambla el elemento radical de *irrelevancia total*, postulado originalmente por la

Jueza Asociada señora Pabón Charneco en su Opinión de conformidad en E.L.A. v. Martínez Zayas, *supra*. En otras partes, se intentan articular elementos contradictorios en los que tímidamente se reconoce la posible aplicación de la realidad del confinado como factor para determinar justa causa. Lejos de orientar a los confinados y a la comunidad jurídica, la Opinión mayoritaria arroja más interrogantes que respuestas. ¿Es relevante o irrelevante la realidad del confinado? Si es relevante en ocasiones, ¿por qué la Opinión avala la teoría de la *irrelevancia total* de la Jueza Asociada señora Pabón Charneco? Tristemente, cualesquiera que sean las motivaciones que más peso tengan en esta *amalgama*, resulta innegable que la realidad es la única verdad y que la determinación de una justa causa en forma objetiva e imparcial no puede adoptarse en un vacío, sino en las realidades concretas de los litigantes.

I

La Opinión mayoritaria afirma que la realidad del confinado no constituye de por sí y automáticamente la justa causa que requiere la Ley Núm. 104, *supra*, para eximir del requisito de notificación y que por ello no es una excepción a la norma. Al así expresarse, al parecer, queda abandonado el racionamiento expuesto hace pocos meses en la Opinión de conformidad emitida por la Jueza Asociada señora Pabón Charneco en E.L.A. v. Martínez Zayas, *supra*, acerca de que no debe

considerarse la condición individual del confinado para determinar si existe justa causa para el incumplimiento con el requisito de notificación previa. Sin embargo, existe una discordancia entre esta nueva postura asumida y el razonamiento que sostienen, referente a que no es relevante la condición de confinado al momento de determinar si existe justa causa para el incumplimiento con el requisito de notificación previa. Por ello, no me queda más remedio que reiterar y ser cónsono con los fundamentos contenidos en mi Opinión de conformidad emitida en E.L.A. v. Martínez Zayas, *supra*.

Como expresé en la mencionada Opinión, ciertamente el solo hecho de ser confinado no podría de por sí ser suficiente para eximir del requisito de notificación previa de la Ley Núm. 104, *supra*. Por ello, estoy de acuerdo en que no debe existir una exención automática del requisito que impone la mencionada ley cuando se trata de casos de confinados que instan causas de acción contra el Estado.

No obstante, es incorrecto afirmar que la situación, la condición y la realidad de los confinados no es **relevante** al momento de examinar si existe justa causa para el incumplimiento. Hoy, una mayoría cita las expresiones de la Opinión de conformidad de la compañera Jueza Asociada señora Pabón Charneco en E.L.A. v. Martínez Zayas, *supra*, acerca de que la condición individual de los

confinados no es **relevante** para determinar si existe justa causa para el incumplimiento con el requisito de notificación previa que impone la Ley Núm. 104, *supra*. Al citarlas, la mayoría señala que estas expresiones son acertadas. Lejos de ser acertadas, considero que estas expresiones son unas desatinadas, ya que invitan al juzgador a abstraerse de la situación que viven día a día los miembros de la población correccional y las limitaciones que éstos presentan. En su lugar, presumen que los miembros de la población correccional poseen la misma habilidad de un ciudadano en la libre comunidad para cumplir con el requisito de notificación previa que impone la Ley Núm. 104, *supra*. Estas expresiones son preocupantes, ya que se abstraen de las realidades que vive este sector.

Debido a que los confinados están sujetos a la custodia del Estado, es trascendental tomar en consideración las circunstancias particulares de las instituciones penales y las limitaciones a las que se enfrentan debido al confinamiento. De esta manera, se procuraría mantener justicia en cuanto a los requisitos que le son impuestos a los confinados. Considerar que los miembros de la población correccional poseen la misma habilidad de un ciudadano en la libre comunidad para cumplir con el requisito de notificación previa, que es requerido por la Ley Núm. 104, *supra*, es intrínsecamente injusto. <u>E.L.A. v. Martínez Zayas</u>, (Op. de Conformidad del Juez Asociado

señor Estrella Martínez), *supra*. Es desconcertante que no se considere relevante reconocer que los confinados no poseen las mismas oportunidades ni los mismos recursos para cumplir con el requisito de notificación de la Ley Núm. 104, *supra*.

Los miembros de la comunidad correccional presentan situaciones que son parte de la realidad del confinamiento. La restricción de la libertad de la población penal implica ciertas limitaciones. Además, de las herramientas limitadas que poseen, las limitaciones de movilidad física, las estrictas medidas de seguridad, la falta de control por parte de éstos en el manejo de su correspondencia, los rigurosos mecanismos, el posible retraso en la tramitación de correspondencia y los procesos a los cuales se enfrentan son solamente algunas de las situaciones que imposibilitan que cumplan con el requisito de notificación previa como alguien que está en la libre comunidad. A estas situaciones, se suma el que en ocasiones sean miembros del mismo sistema quienes imposibiliten que la notificación se realice. Nada de esto es relevante para la mayoría de este Tribunal. En total abstracción de la realidad que enfrentan los confinados, hoy la mayoría los coloca en una posición aún peor que el resto de los ciudadanos.

El que la Ley Núm. 104, *supra*, no contemple una excepción para la población correccional, en cuanto al cumplimiento con el requisito de notificación previa,

no significa que las condiciones a las que se enfrentan los miembros de la población correccional no sean relevantes al momento de examinar la existencia o no de justa causa para el incumplimiento con el mencionado requisito. El requisito de notificar al Secretario de Justicia como condición previa a presentar una demanda contra el Estado, es uno de cumplimiento estricto. Por ello, además de las exenciones que contempla la ley, como es sabido, el requisito de notificación podrá ser eximido cuando haya mediado justa causa para ello. 32 L.P.R.A. sec. 3077 a (e). Así, la limitación al derecho a demandar cederá en situaciones en las cuales exista justa causa. Precisamente, siempre que se examina si hubo justa causa se toman en consideración las circunstancias y realidades de ese caso. Ello, no significa que las disposiciones sean aplicadas de manera distinta. Considerar que las condiciones individuales del confinado en ocasiones son relevantes para determinar la existencia de justa causa, junto a otros elementos, no conlleva aplicar de manera distinta las disposiciones, de acuerdo con la realidad social de los ciudadanos, como sostiene la mayoría.

Al realizar el análisis acerca de si existe justa causa para el incumplimiento, habrá situaciones en las cuales las condiciones de la institución penal y del confinamiento serán precisamente parte de las circunstancias que constituyen la justa causa que se

desea expresar. No es que deba enfocarse solamente en la condición de confinado para encontrar la justa causa para la notificación tardía o la falta de notificación. Por ello, es indiscutible que en ocasiones serán relevantes las condiciones de confinamiento.

Ciertamente, como mencionamos, la Ley Núm. 104, *supra*, no establece una excepción para la notificación en el caso de confinados. Tampoco es mi intención crearla. Sin embargo, bajo el pretexto de no reconocer una excepción, hoy se colocan trabas adicionales a las imposibilidades que presentan los confinados para cumplir con el requisito de notificación previa. Al determinar que la condición de confinado o de la institución correccional no es relevante para determinar si existe justa causa para el incumplimiento con el requisito de notificación, se obstaculiza innecesariamente la demostración de justa causa a los miembros de la población correccional.

II

En el caso particular ante nuestra consideración, estoy de acuerdo con que no surge la existencia de justa causa para el incumplimiento con el requisito de notificación que requiere la Ley Núm. 104, *supra*, o de circunstancias que justifiquen su incumplimiento. El señor Rosario Mercado presentó una demanda contra el Estado el 5 de julio de 2007. Sin embargo, no notificó al Secretario de Justicia, por lo que incumplió con

uno de los requisitos de la Ley Núm. 104, *supra*. El Secretario de Justicia advino en conocimiento de la reclamación luego de cuatro años de presentada la demanda, cuando fue emplazado.

No surge del expediente constancia de que la notificación al Estado no fuera necesaria por tratarse de un caso en el que la prueba objetiva es accesible al mismo. Tampoco surge una justificación adecuada para excusar su dilación en el cumplimiento de los términos establecidos por ley. Debido a que en el caso de epígrafe no se configura el elemento atemperante de justa causa, el señor Rosario Mercado no podría considerarse liberado de cumplir con esta notificación. Además, los hechos ante nos demuestran que no nos encontramos ante un caso en el cual las particularidades del mismo hagan inoperante o impráctico el que se notificara al Estado. En consecuencia, la falta de cumplimiento con el requisito de notificación impide que se prosiga la demanda contra el Estado, ya que no surge una justificación para que sea eximido del cumplimiento con el requisito.

III

El caso de autos demuestra que mi postura en las situaciones de confinados que incumplen con el requisito de cumplimiento estricto de notificación previa al Estado, no implica crear una excepción automática que aplique a todo el universo de

confinados, ni que el solo hecho de ser confinado sea de por sí suficiente para establecer la justa causa para eximir del cumplimiento con la notificación. Considerar la realidad de los confinados al determinar si existe justa causa para la falta de notificación al Estado, junto a la totalidad de las circunstancias que presenta cada caso y al objetivo que persigue la notificación requerida, no significa crear una excepción al requisito ni una regla absoluta. En cambio, la Opinión mayoritaria ahora sí crea una regla absoluta en el sentido de que no se va a considerar la condición de confinado nunca, ello porque no creen que sea relevante.

Por los fundamentos anteriormente expuestos, no puedo estar conteste con la Opinión que antecede. Ahora, el camino para la demostración de justa causa de un confinado será más escabroso que para cualquier ciudadano en la libre comunidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Rosario Mercado

    Recurrido

      v.

                        CC-2012-0398

Estado Libre Asociado de
Puerto Rico, Administración
de Corrección

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, revocamos la Resolución del Tribunal de Apelaciones, y desestimamos la demanda que incoó el Sr. Rafael Rosario Mercado por incumplir con el requisito de notificación al Secretario de Justicia que exige el Art. 2A de la Ley de Pleitos Contra el Estado, supra.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión Concurrente, a la que se unieron el Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.

                    Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo