EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>       Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico; y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez)<br><br>Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>       Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico; Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia; Gobierno de Puerto Rico; y Senado de Puerto Rico, representado por su Presidente, Hon. Eduardo Bathia Gautier<br><br>       Demandados | Certificación<br><br>2013 TSPR 106<br><br>189 DPR ____ |

Número del Caso:     CT-2013-17


Fecha: 7 de octubre de 2013



Abogados de la Parte Peticionaria:

        Lcdo. Eliezer Aldarondo Ortiz
        Lcdo. Claudio Aliff Ortiz
        Lcda. Rosa Campo Silva
        Lcdo. Simone Cataldi Malpica
        Lcdo. Eliezer A. Aldarondo López

Abogado del Hon. Edgardo Rivera García:

                    Lcdo. Carlos Santiago Tavárez

Abogados de la Parte Recurrida:

          Lcdo. Arturo Nieves Huertas
          Lcdo. Luis Raúl Albaladejo


Materia: Injuction Mandatorio, Preliminar y Permanente, Mandamus, Quo Warranto y Sentencia Declaratoria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico; y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez)<br><br>Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico; Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia; Gobierno de Puerto Rico; y Senado de Puerto Rico, representado por su Presidente, Hon. Eduardo Bathia Gautier<br><br>Demandados | CT-2013-0017 | Certificación |

SENTENCIA

San Juan, Puerto Rico, a 7 de octubre de 2013.

> *La confianza del Pueblo en su Judicatura es indispensable para nuestra vida en sociedad. En nuestra democracia, el pueblo necesita sentirse confiado en que cuenta con una Rama Judicial eficiente a la cual llevar sus controversias y reclamar sus derechos. El pueblo necesita sentirse confiado en que no hay*

> *necesidad de tomar la justicia en sus manos. Siendo así, un ataque a la confianza en la Rama Judicial es un ataque a la convivencia pacífica y ordenada en nuestro país.* Hon. Federico Hernández Denton, Juez Presidente, 173ra Asamblea del Colegio de Abogados de Puerto Rico, 7 de septiembre de 2013.

Nos encontramos ante una controversia de alto interés público que requiere la intervención inmediata de este Tribunal. En el caso de autos, los demandantes aducen que las nominaciones de funcionarios públicos, las cuales incluyen a jueces, fiscales y procuradores, son nulas y contrarias a los postulados de la Constitución de Puerto Rico, L.P.R.A., Tomo 1. En específico, reclaman que los nombramientos fueron confirmados por el Senado de Puerto Rico sin facultad para ello, por entender que las nominaciones impugnadas debían contener un grado mayor de especificidad en la convocatoria del Gobernador de Puerto Rico. A su vez, impugnan el nombramiento del Hon. Edgardo Rivera García, Juez Asociado de este Tribunal, al sostener que fue confirmado en una sesión extraordinaria no convocada por el Gobernador o, en la alternativa, que su nominación fue en receso y quedó sin efecto, al levantarse la siguiente sesión ordinaria.

Este Tribunal tiene la facultad de atender mediante el recurso de certificación, a ser expedido discrecionalmente, asuntos pendientes ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones cuando, entre otras, se planteen cuestiones noveles de derecho, o

se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución de Puerto Rico. Véanse, U.P.R. v. Laborde Torres y otros I, 180 D.P.R. 253, 272-273 (2010) y casos allí citados.[1] No podemos ignorar que los nombramientos de funcionarios de la Rama Ejecutiva y de la Rama Judicial están revestidos del más alto interés público. Estos deben ser conforme a los procesos establecidos. La falta de atención inmediata a los reclamos de los demandantes socavaría irremediablemente la confianza depositada del pueblo en nuestro sistema de justicia y mancillaría la reputación de los funcionarios que dedican su vida al servicio público.

Por tanto, habiendo examinado detenidamente las posturas de la parte demandante y de los peticionarios, y en ausencia de escollo para disponer de este asunto de alto interés público, este Tribunal expide el auto de certificación y procedemos a atenderlo, conforme a la Regla 50 de este Tribunal.[2]

---

[1] Recuérdese que en Alvarado Pacheco y otros v. E.L.A., res. 11 de junio de 2013, 2013 T.S.P.R. 64, 188 D.P.R. ___ (2013), una mayoría de este Tribunal declaró inconstitucional las disposiciones contenidas en la Ley Núm. 18-2013 que pretendían alterar el mecanismo de certificación intrajurisdiccional reconocido en el Art. 3.002 de la Ley 201-2003, según enmendada, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. sec. 24, et seq.

[2] El 30 de septiembre de 2013, la Hon. Liza Fernández Rodríguez solicitó la certificación de los casos consolidados de epígrafe. El 2 de octubre de 2013 el Hon. Edgardo Rivera García se unió a esa petición mediante la Moción Solicitando Permiso para Unirse al Recurso de

I

Los licenciados Arturo Nieves Huertas y Luis Raúl Albaladejo (en adelante, demandantes) instaron dos demandas en las que impugnan los nombramientos de varios funcionarios públicos. El 10 de julio de 2013 presentaron el caso <u>Arturo Nieves Huertas, Luis Raúl Albaladejo v. Hon. Alejandro García Padilla y otros</u>, KPE2013-3780[3] y el 17 de septiembre de 2013 el caso civil <u>Arturo Nieves Huertas, Luis Raúl Albaladejo v. Hon. Edgardo Rivera García y otros</u>, KPE2013-4660.

En el caso KPE2013-3780, los letrados arguyen que el exgobernador Luis Fortuño Burset y el Senado de Puerto Rico violaron la Constitución de Puerto Rico, *supra*, al nombrar a sobre cien personas para cargos a la Judicatura, fiscales, jueces administrativos y otros funcionarios públicos. Sostienen que los referidos nombramientos son nulos y que ello conllevará que sus determinaciones y decisiones así lo sean. Señalan que eso repercute en daños y pérdidas de sus representados así como al ordenamiento y al interés público. Los letrados discuten que los nombramientos son nulos, ya que estos fueron confirmados

---

*Certificación presentado por la Hon. Liza Fernández Rodríguez.* Por su parte, los recurridos presentaron el 2 de octubre de 2013 una *Moción en Oposición a "Moción Urgente para que se paralicen los procedimientos en el Tribunal de Primera Instancia" y Sobre Memorando en Oposición a que se expida el auto de certificación.*

[3]A este momento, los demandantes no han emplazado a los demandados. A pesar de ello, la parte peticionaria se sometió voluntariamente a la jurisdicción de este Tribunal.

en una sesión extraordinaria sin que se cumpliera con lo dispuesto en el Art. III, Sec. 10 de la Constitución de Puerto Rico, *supra*. Específicamente, alegan que las órdenes ejecutivas emitidas, convocando las sesiones extraordinarias, no especificaron ninguno de los nombramientos realizados.

De otra parte, en el caso KPE2013-4660 los demandantes y el Senador Cirilo Tirado Rivera sostienen que el nombramiento del Juez Asociado señor Rivera García es nulo, al realizarse en una sesión extraordinaria convocada por el Presidente del Senado, o en la alternativa en una sesión en receso, por lo que quedó sin efecto al levantarse la próxima sesión ordinaria. Por tanto, afirman que se violó lo dispuesto en el Art. III, Sec. 10 y el Art. IV, Sec. 4 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.

Así, en ambas peticiones, los demandantes solicitan que se dicte sentencia para declarar los nombramientos nulos; ordenar el cese y desista del ejercicio del cargo y funciones; ordenar iniciar un procedimiento de *quo warranto* y cualquier otro remedio que proceda en derecho.

Ante tales reclamaciones, se presentaron varias mociones de desestimación por las partes y el Gobierno de Puerto Rico.[4] En todas ellas se aduce que los demandantes

---

[4]La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, "establece los fundamentos por los que una parte puede solicitar la desestimación de una demanda presentada en su contra, a saber: falta de jurisdicción sobre la materia o la persona, insuficiencia del emplazamiento o su

carecen de legitimación activa para presentar su causa de acción; que conceder el remedio solicitado requiere la intervención indebida en las funciones de la Rama Ejecutiva y la Rama Legislativa, por lo que se interviene en la separación de poderes; y la parte demandante carece de una reclamación que justifique la concesión de un remedio, entre otras.

## II

Como principio rector de nuestro ordenamiento, los tribunales debemos intervenir en casos justiciables. La justiciabilidad requiere que la controversia sea una definida y concreta entre las partes jurídicas, el interés sea uno real y sustancial que permita un remedio específico y la polémica sea propia para una determinación judicial. E.L.A. v. Aguayo, 80 D.P.R. 552, 584 (1958).

Como parte de que la controversia sea justiciable, se requiere que los demandantes posean legitimación activa

_____

diligenciamiento, dejar de exponer una reclamación que justifique la concesión de un remedio o dejar de acumular una parte indispensable". Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial, Informe de Reglas de Procedimiento Civil, Marzo 2008, pág. 134. Al evaluar una moción de desestimación debemos dar por ciertas y buenas todas las alegaciones fácticas hechas en la demanda. Además, hay que interpretarlas a favor de la parte demandante. Hargundey Ferrer v. U.I., 148 D.P.R. 13 (1999). Así pues, para desestimar un caso por falta de jurisdicción sobre la materia "es necesario determinar si, tomando como cierto lo alegado en la demanda, el foro tiene jurisdicción para atender el reclamo". Id., pág. 30.

Una vez surge por indicación de las partes, o de algún otro modo que el tribunal carece de jurisdicción, la Regla 10.8 de Procedimiento Civil (c), 32 L.P.R.A. Ap. V., que ordena la desestimación del pleito.

para instar las demandas de epígrafe. Los tribunales tenemos el deber de examinar, como cuestión de umbral, si los demandantes ostentan legitimación activa para incoar una acción o reclamar determinado remedio. Este es un elemento necesario para la debida adjudicación de los méritos de una controversia, según el principio de justiciabilidad. Hernández Torres v. Gobernador, 129 D.P.R. 824, 835 (1992).

Cuando se cuestiona la legitimación de una parte al contestar la demanda, debemos asumir que las alegaciones son ciertas y evaluar su causa de acción de la manera más favorable para el demandante. Col. Ópticos de P.R. v. Vani Visual Center, 124 D.P.R. 559, 567 (1989). Hemos interpretado la legitimación activa liberalmente. Sin embargo, ello no implica que "la puerta está abierta de par en par para la consideración de cualquier caso que desee incoar cualquier ciudadano en alegada protección de una política pública". Salas Soler v. Srio. de Agricultura, 102 D.P.R. 716, 723-724 (1974). Véase, además, Fund. Surfrider y otros v. A.R.P.E., 178 D.P.R. 563, 573 (2010).

Reiteradamente hemos sostenido que una parte demandante posee legitimación activa si cumple con los requisitos siguientes, a saber: (1) ha sufrido un daño claro y palpable; (2) el referido daño es real, inmediato y preciso, y no abstracto o hipotético; (3) existe conexión entre el daño sufrido y la causa de acción

ejercitada, y (4) la causa de acción surge bajo el palio de la Constitución o de una ley. Véanse: Sánchez *et al.* v. Srio. de Justicia *et al.*, 157 D.P.R. 360, 371 (2002); Hernández Torres v. Gobernador, *supra*, pág. 835.

III

En el caso de marras, los demandantes sostienen que poseen legitimación activa para cuestionar los nombramientos efectuados por sus obligaciones al amparo del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Aducen que es de primordial importancia instituir y mantener un orden jurídico íntegro y eficaz, que goce de completa confianza y apoyo de la ciudadanía. Aluden que es su deber hacer una propia y cabal aportación a la mejor administración de la justicia. Señalan que se trata de la protección de la ejecución de un derecho público de naturaleza democrática.[5]

Los demandantes Nieves y Albaladejo arguyen que sus daños son inminentes y están vinculados a su argumento de que los nombramientos son inconstitucionales. Por tanto, recalcan que los funcionarios en cuestión ejercen ilegítimamente sus funciones. Indican que los trámites judiciales realizados ante estos funcionarios corren el riesgo de ser anulados o declarados nulos por haber sido tomados por funcionarios, cuyos nombramientos alegan son ilegales.

---

[5] Mediante *Moción en Cumplimiento de Orden* presentada el 22 de julio de 2013, Ap. págs. 237-242.

No albergamos la menor duda de que los demandantes carecen de legitimación activa. Su reclamo, básicamente, contemplaría que cualquier persona pueda impugnar o hacer cualquier reclamación ante la violación de cualquier ley sin que tenga la necesidad de exponer el daño específico que tal actuación le provoca. Los demandantes, escueta e hipotéticamente, reclaman una posibilidad de nulidad de los dictámenes emitidos por estos funcionarios. Al así hacerlo, el planteamiento no tan solo está ausente de un daño particular, real, palpable y concreto, sino que el mismo no tendría lugar ante el hecho de que este Tribunal ha aplicado la doctrina de funcionario de *facto* a la figura de los jueces. Mediante esta doctrina se imparte validez a los actos oficiales de personas, que so color de autoridad, ejercen cargos que existen legalmente y en los cuales el público o terceras personas están interesados, cuando el cumplimiento de tales actos oficiales es para beneficio del público, y no para el beneficio personal. Véase, <u>Fernández v. Corte</u>, 71 D.P.R. 161 (1950).

En cuanto al reclamo instado en el caso civil KPE2013-3780, el entonces Gobernador convocó mediante la Orden Ejecutiva OE-2012-68 la quinta sesión extraordinaria de la decimosexta Asamblea Legislativa. Mediante ésta, entre otras, estableció que:

> POR CUANTO: Al presente existen asuntos de suma importancia, **incluyendo nombramientos ejecutivos y judiciales**, que requieren actuación inmediata de la Asamblea Legislativa. (Énfasis suplido).

Ante este panorama, debe quedar diáfano que los nombramientos así efectuados son válidos. La convocatoria para celebrar la quinta sesión extraordinaria claramente disponía que existían asuntos importantes que atender. Específicamente, el Gobernador indicó que incluían "nombramientos ejecutivos y judiciales". Ciertamente, cuando el Gobernador de turno convocó la sesión extraordinaria, lo hizo dentro de sus facultades constitucionales. Además, consciente de que la propia Constitución de Puerto Rico limita en estos casos los asuntos por atender a los especificados en su convocatoria o mensaje especial, expresó en su orden ejecutiva no tan solo las medidas legislativas, sino la importancia de considerar los nombramientos ejecutivos y judiciales. Por tanto, no existe razón alguna para sostener que estos nombramientos son nulos e ilegales.

IV

Atendamos si el Senador Cirilo Tirado posee legitimación activa para cuestionar, en esta etapa, los procedimientos legislativos que nos ocupan, de los cuales formó parte.

Este Tribunal ha sido enfático al establecer que no procede permitir a un demandante, que no alega un daño explícito, plantear a esta Curia resolver importantes cuestiones constitucionales. Ello redundaría en un potencial abuso del proceso judicial, atentando contra la función de esta Rama, en relación con las otras dos ramas

de gobierno. <u>Fund. Arqueológica v. Depto. de la Vivienda</u>, 109 D.P.R. 387, 392 (1980).

Es en este sentido que juega un papel crucial la doctrina de separación de poderes. La misma está expresamente consagrada en la Sec. 2 del Art. I de la Constitución de Puerto Rico, L.P.R.A., Tomo 1. La separación de poderes entre las tres ramas responde a dos criterios, a saber: (1) proteger la libertad de los ciudadanos, pues el poder no se concentra en una sola rama de Gobierno, y (2) salvaguardar la independencia de cada una de estas, ya que se evita que una de ellas interfiera o domine con el poder de las otras. <u>P.I.P. v. E.L.A.</u>, 186 D.P.R. 1 (2012); <u>Acevedo Vilá v. Meléndez</u>, 164 D.P.R. 875, 882-883 (2005); <u>Colón Cortés v. Pesquera</u>, 150 D.P.R. 724, 750 (2000).

Ahora bien, cada una de las tres ramas del Gobierno no debe desempeñarse con entera abstracción de las demás. Ello ocurre porque el propósito de la separación de poderes es generar un equilibrio dinámico entre poderes de igual rango. Véase, <u>Misión Ind. P.R. v. J.P.</u>, 146 D.P.R. 64, 89 (1998).

En lo particular, la Constitución de Puerto Rico dispone el procedimiento para los nombramientos de los jueces al establecer que:

> **Los jueces serán nombrados por el Gobernador con el consejo y consentimiento del Senado.** Los jueces del Tribunal Supremo no tomarán posesión de sus cargos hasta que sus nombramientos sean confirmados por el Senado y los desempeñarán mientras observen buena conducta. Los términos

de los cargos de los demás jueces se fijarán por ley y no podrán ser de menor duración que la prescrita para los cargos de jueces de igual o equivalente categoría existentes a la fecha en que comience a regir esta Constitución. Todo lo relativo al nombramiento de los demás funcionarios y de los empleados de los tribunales, se determinará por ley. (Énfasis suplido). Art. V, Sec. 8 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.

Es por ello que la facultad de nombramiento es compartida entre el Poder Ejecutivo y el Poder Legislativo. Véase, Nogueras v. Hernández Colón, 127 D.P.R. 638, 650 (1991); Hernández Agosto v. López Nieves, 114 D.P.R. 601, 620 (1983).

No debe existir duda de que la Asamblea Legislativa es un cuerpo de carácter continuo durante el término de su mandato. Art. III, Sec. 10 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1. En igual medida, tampoco se puede cuestionar su capacidad o facultad para adoptar sus propias reglas. Art. III, Sec. 9 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.

En lo particular a los procesos de nombramiento y la configuración de las sesiones celebradas por la Asamblea Legislativa, es menester destacar que, en el ejercicio de sus facultades, el Senado aprobó el Reglamento del Senado, 12 de enero de 2009, R. del S. 27, 16ta Asamblea Legislativa, 1ra Sesión Ordinaria, vigente al momento de los hechos. Este dispone en su Sección 21.3 que las sesiones extraordinarias se celebran en cualquier fecha de un año, en la cual no se celebre una sesión ordinaria. Estas pueden ser convocadas por el Gobernador o por el

Presidente del Senado. Cuando la sesión extraordinaria es convocada por el Gobernador, la Sección 21.3 dispone que solo puedan considerarse los asuntos, proyectos de ley y resoluciones conjuntas incluidas en la Convocatoria del Gobernador. Sin embargo, el Senado, en el ejercicio de sus funciones constitucionales e inherentes, podrá considerar cualquier expresión o asunto bajo la jurisdicción del Cuerpo, incluyendo aquellos nombramientos enviados por el Gobernador y pendientes de consentimiento por el Senado. La sabiduría de estas normas no constituye materia para juzgar por los tribunales, a menos que exista una infracción constitucional. Lozada Sánchez et al. v. JCA, 184 D.P.R. 898, 925-926 (2012); Noriega Rodríguez v. Jarabo, 136 D.P.R. 497, 533 (1994).

Tal disposición reglamentaria no contraviene la Constitución de Puerto Rico. Por el contrario, es cónsona con su Art. III, Sec. 10, en el que se establece que **"cuando el Gobernador convoque a la Asamblea Legislativa a sesión extraordinaria sólo podrá considerarse en ella los asuntos especificados en la convocatoria o mensaje especial que el Gobernador le envíe en el curso de la sesión, la cual no podrá extenderse por más de veinte días naturales"**. Véase, además, Art. IV, Sec. 4 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1. Es decir, que el Gobernador ostente la discreción para convocar a una sesión extraordinaria no menoscaba la facultad de un Cuerpo de la otra Rama de Gobierno para auto convocarse,

en una fecha que no conflija con la convocatoria del Ejecutivo, para descargar, como ocurrió en este caso, los deberes ministeriales dispuestos por la propia Constitución, como es el consentir a las nominaciones de determinados funcionarios públicos.

Las disposiciones antes mencionadas revelan claramente que el poder de nombramiento de estos funcionarios públicos está compartido. Por un lado, el Gobernador nomina al funcionario, pero su nombramiento requiere el aval del Senado. Igualmente, resalta que, tanto el Gobernador como el Presidente del Senado tienen la facultad de convocar para la celebración de una sesión extraordinaria. Claro está, este proceder responde a la facultad inherente de ese cuerpo legislativo y el carácter continuo durante el término de su mandato. La única limitación que se impone es que cuando el Gobernador ejerce su facultad para convocar una sesión extraordinaria solamente se podrán atender aquellos asuntos especificados en la convocatoria o en mensaje especial que el Gobernador envíe en el curso de la sesión. Por su parte, durante una sesión extraordinaria convocada por el Presidente del Senado se podrán atender aquellos nombramientos enviados por el Gobernador.

Es importante señalar que la Sección 47.3 del Reglamento del Senado contempla, a su vez, que:

> (c) Nombramiento incluido en la convocatoria de una Sesión Extraordinaria: El Senado, a su discreción, podrá considerar, informar y tomar acción sobre dicho nombramiento. Si no se tomare

acción definitiva al respecto, o si los trámites no se concluyeran por cualquier razón, el nombramiento seguirá en vigor hasta la conclusión de la siguiente Sesión Ordinaria, a menos que el Senado decidiera actuar sobre el nombramiento en otra Sesión Extraordinaria convocada por el Gobernador o el Presidente.

Esta disposición tiene el objetivo de mantener la inherencia del Senado en el consentimiento de los nominados. Ciertamente, ante la nominación de un candidato realizada por el Gobernador, le corresponde al Senado evaluar si imparte su consentimiento.

El proceso de confirmación de estos funcionarios públicos requiere que el Gobernador someta la correspondiente nominación al Senado, quien confirma o no la misma. Una vez, obtenido el consejo y consentimiento del Senado, el Gobernador extiende el nombramiento correspondiente y luego el funcionario presta el juramento oficial para la toma de posesión de su cargo.

V

Examinado el tracto procesal legislativo, examinemos si se afectaron las prerrogativas legislativas del Senador Cirilo Tirado, según planteado en el caso civil KPE2013-4660.

El nombramiento del Juez Asociado señor Rivera García ocurrió en una sesión extraordinaria convocada por el Presidente del Senado. Como hemos expresado, la Constitución de Puerto Rico establece que la Asamblea Legislativa es un cuerpo de carácter continuo durante el

término de su mandato con capacidad plena para regular sus procedimientos.

Conforme al Reglamento del Senado, su Presidente convocó a una sesión extraordinaria para atender asuntos bajo la jurisdicción de ese Cuerpo. Durante ésta, el 4 de agosto de 2010, el Gobernador sometió la designación del Juez Asociado señor Rivera García para su consejo y consentimiento. Diario de Sesiones, Segunda Sesión Extraordinaria del Presidente del Senado, Vol. LVIII Núm. 1, pág. 21443. El proceso de su nominación consta en el Diario de Sesiones del 9 de agosto de 2010 de la Segunda Sesión Extraordinaria del Presidente del Senado, de la decimosexta Asamblea Legislativa, *supra*, págs. 21443-21482. Del mismo se desprende que se cumplió a cabalidad con todo el proceso para el nombramiento del referido designado. Incluso, destaca que las recomendaciones fueron favorables y que el candidato gozaba de la reputación moral, trayectoria y capacidad intelectual necesaria para ejercer el cargo que hoy ostenta.

En dicho proceso, miembros de la delegación del partido político al cual pertenece el Senador Cirilo Tirado cuestionaron la celeridad de los procedimientos. Sin embargo, en ningún momento se planteó que la sesión extraordinaria no fuera convocada por el Presidente del Senado, conforme al reglamento adoptado. Tampoco hubo alegación de índole alguna sobre que el proceso fuera uno en contravención a la Constitución de Puerto Rico.

Ante ese cuadro, y como agravante, a estas alturas, resulta inmeritorio el reclamo del Senador Cirilo Tirado. En cuanto a este demandante, no podemos obviar que los legisladores carecen de legitimación activa para impugnar la validez de un acto únicamente en representación de la ciudadanía general. Estos tienen que presentar criterios más convincentes. No existe un ápice de prueba que las actuaciones cuestionadas afectaran el ejercicio y deberes del legislador. Véase, Noriega v. Jarabo, *supra*, pág. 497. El récord legislativo analizado evidencia la participación activa de la minoría en ese nombramiento. Incluso el propio senador votó en contra del candidato. Tampoco podemos pasar por alto que los planteamientos esgrimidos impugnan actuaciones reglamentarias que el legislador ha avalado. Como los otros demandantes, según señalamos anteriormente, éste también carece de legitimación activa.

VI

Por último, debemos evaluar si la conducta desplegada por los demandantes es temeraria o frívola. A estos efectos la Regla 44.1 (d) de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 44.1 (d), establece que cuando cualquier parte haya procedido con temeridad o frivolidad, el tribunal **tendrá** que imponer en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el juzgador entienda corresponde a la conducta desplegada. Véanse, Meléndez Vega v. El Vocero de PR, res. 3 de julio de 2013, 2013 T.S.P.R. 81, 189

D.P.R.\_\_\_\_ (2013); P.R. Oil v. Dayco, 164 D.P.R. 486, 511 (2005).

El concepto de temeridad es uno amplio. La conducta temeraria es una actitud que se proyecta sobre el procedimiento y afecta el buen funcionamiento y administración de la justicia. A su vez, sujeta a una parte inocente a la ordalía del proceso judicial, exponiéndola a gastos innecesarios y a la contratación de servicios profesionales que afectan su peculio. Fernández v. San Juan Cement Co. Inc., 118 D.P.R. 713, 718-719 (1987). Mediante la imposición de honorarios por temeridad se penaliza a un litigante que, obcecado por un afán desprovisto de fundamentos, obliga a otro a defenderse, lo que le causa molestias, gastos, trabajo e inconvenientes. Soto v. Lugo, 76 D.P.R. 444 (1954).

La parte peticionaria solicitó la imposición de honorarios por temeridad contra los demandantes. Para ello, expresó que en múltiples ocasiones los letrados han instado recursos, abusando de los procedimientos judiciales, con el ánimo de mancillar su reputación. Así, señala que los letrados impugnaron su nominación al sostener que esta no gozaba de los años de experiencia. De igual forma, presentaron un recurso de *injunction*, en el que impugnaron y cuestionaron sus cualificaciones para intentar impedir su confirmación.[6] En dicho proceso, solicitaron recusar al juez que presidía los

---

[6]Caso Civil Núm. KPE2012-4117.

procedimientos y revisaron tal denegatoria sin éxito.[7] El foro primario declaró no ha lugar la solicitud de injunction e injunction preliminar. Nuevamente, los demandantes acudieron ante el Tribunal de Apelaciones.[8] De igual manera, los demandantes acudieron ante el Secretario de Justicia para solicitar que se recuperara el cargo que ocupa la Juez Superior, a pesar de existir una determinación en contra de sus reclamos. Ante la ausencia de una contestación, los demandantes radicaron el pleito de autos. En éste, nuevamente, solicitaron la recusación del juez de instancia que atendía los asuntos y al no proceder la misma, solicitaron la revisión al Tribunal de Apelaciones en el recurso KLCE2013-1030 y posteriormente ante esta Curia.[9]

Los hechos aludidos reflejan una actitud contumaz de los demandantes contra los funcionarios que ejercen válidamente sus puestos. Ante tales actuaciones, la peticionaria ha tenido que defenderse de ataques a su honra y a su persona. Los demandantes, proyectan una conducta desmedida que afecta la administración de la justicia. No cabe duda que actuaron de forma temeraria. Ante ello, es nuestra obligación imponerle a los demandantes de forma solidaria el pago de honorarios de

---

[7] Caso ante el Tribunal de Apelaciones, KLCE2013-00047.

[8] El caso ante el Tribunal de Apelaciones, KLAN2013-00299.

[9] El recurso presentado ante este Tribunal está identificado de forma alfanumérica CC-2013-470.

abogado por temeridad, por la cantidad de $10,000 a favor de la parte peticionaria. Regla 44.1 de las de Procedimiento Civil, *supra*.

## VII

Por todo lo expuesto, se emite el auto de certificación y resolvemos que los demandantes carecen de legitimación activa para instar las demandas de epígrafe. Por tanto, al amparo de la Regla 50 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B, y sin ulterior procedimiento se declaran Con Lugar las mociones de desestimación presentadas en los casos de autos. Se impone a los demandantes la suma de $10,000 en honorarios de abogado por temeridad a favor de la peticionaria.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Publíquese.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez emitieron un Voto Particular de No Intervención. La Jueza Asociada señora Pabón Charneco no intervino. El Juez Asociado señor Rivera García no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Arturo Nieves Huertas y Luis
Rául Albaladejo

    Recurridos

       v.                            CT-2013-0017

Hon. Alejandro García
Padilla, Gobernador de Puerto
Rico; Hon. Luis Sánchez
Betances, Secretario de
Justicia de Puerto Rico; y
Hon. Liza Fernández

Peticionaria en Certificación
(Hon. Liza Fernández Rodríguez)


Arturo Nieves Huertas y Luis
Rául Albaladejo

    Recurridos

     v.

Hon. Edgardo Rivera García,
Juez Asociado del Tribunal
Supremo de Puerto Rico; Hon.
Alejandro García Padilla,
Gobernador de Puerto Rico;
Hon. Luis Sánchez Betances,
Secretario de Justicia;
Estado Libre Asociado de Puerto
Rico; y Senado de Puerto Rico,
Representado por su
Presidente, Hon. Eduardo
Bathia Gautier

    Demandados


Voto Particular de No Intervención del Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.


San Juan, Puerto Rico, a 7 de octubre de 2013.

    Hoy, cuatro jueces de este Tribunal incurren en otro ejercicio desmedido de poder al acceder a intervenir en

una controversia a destiempo, disponer de esta de forma atropellada y violar los principios de autolimitación judicial. Con el pretexto de proteger la confianza del pueblo en el sistema judicial, acaban burlando las nociones más básicas de la justicia. Nos rehusamos a formar parte de esta desafortunada actuación y, en esta etapa procesal, emitir juicio alguno sobre los méritos de la demanda presentada.

En este caso se cuestiona la validez de varios nombramientos de funcionarios públicos, incluyendo el del Juez Asociado de este Tribunal, señor Rivera García. Ello, sin embargo, no debe impulsarnos a dejar a un lado la prudencia y la cautela para disponer precipitadamente de un caso recientemente incoado en el Tribunal Superior de San Juan, sin que este haya tenido oportunidad de dilucidar el mismo. Independientemente de los méritos de la causa de acción, el proceso está en sus inicios; tan solo se han presentado las demandas y unas mociones de desestimación. Ni siquiera se ha emplazado a todos los demandados.[10] A pesar de esto, este Tribunal acoge la petición de certificación y la resuelve inmediatamente sin brindar oportunidad para que los demandantes se expresen y

---

[10] Aunque el Juez Asociado señor Rivera García ya fue debidamente emplazado, la mayoría de los cerca de cien demandados aún no lo han sido. Incluso, la peticionaria, Hon. Liza Fernández Rodríguez, por no haber sido emplazada, se sometió voluntariamente a la jurisdicción de

prescindiendo de los términos que normalmente aplican a la consideración de los casos que se nos someten. 4 L.P.R.A. Ap. XXI-B. Este proceder es otra manifestación del uso abusivo del recurso de certificación por este Tribunal.

En este camino tan desatinado, se penaliza a los demandantes severamente por plantear un reclamo constitucional de alto interés público, sin permitirles siquiera expresarse y en violación a su derecho a un debido proceso de ley. Los cuatro jueces que ordenan y resuelven la certificación, imponen a los demandantes el pago de $10,000 en honorarios por temeridad sin mayor análisis ni discusión de los factores que jurisprudencialmente hemos establecido para determinar la temeridad y la penalidad correspondiente en cada caso. La supuesta conducta temeraria de los demandantes, su gravedad y la proporcionalidad de la sanción se evaluaron únicamente en función de los sujetos demandados. Sin duda, esta acción puede tener un efecto inhibitorio al disuadir a los ciudadanos de acudir en el futuro a los tribunales a presentar sus reclamos.

Aunque concluye que los demandantes no tienen legitimación activa para instar el pleito de epígrafe, el Tribunal insiste en resolver el asunto en los méritos y determinar que los nombramientos en cuestión son válidos.

_____

este Tribunal para poder presentar la petición de certificación.

CT-2013-017

Sabemos que una vez se concluye la falta de legitimación activa, lo único que procede es la desestimación de la causa. En cambio, los jueces que en esta ocasión componen el Tribunal resuelven los méritos de las demandas, en contravención a las doctrinas de justiciabilidad y de autolimitación judicial.

Siendo ello así, no habremos de avalar con nuestra participación un curso de acción tan absurdo como desafortunado.

Federico Hernández Denton
Juez Presidente


Liana Fiol Matta
Jueza Asociada


Anabelle Rodríguez Rodríguez
Juez Asociada

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

| | |
|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico, Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico, y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez)<br><br>Peticionarios | |
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico, Alejandro García Padilla, Gobernador de Puerto Rico, Hon. Luis Sánchez Betances, Secretario de Justicia, Gobierno de Puerto Rico, y Senado de Puerto Rico presentado por su Presidente, Hon. Eduardo Bathia Gauthier<br><br>Peticionarios | CT-2013-0017 |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2014.

Atendida la *Solicitud de Enmienda a Sentencia Nunc Pro Tunc,* ha lugar. Como se pide.

Se enmienda la Sentencia *Nunc Pro Tunc,* a los únicos efectos de corregir la omisión de mencionar que la Asociación de Abogados compareció como *Amicus Curiae.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García, no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo