EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Eliezer Santana Báez | |
| Peticionario | Certiorari |
| v. | 2014 TSPR 64 |
| Administración de Corrección | 190 DPR ____ |
| Recurrida | |

Número del Caso: MO-2014-5

Fecha: 12 de mayo de 2014

Materia: Sentencia y Opinión de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eliezer Santana Báez

    Peticionario

      v.                           MO-2014-5

Administración de Corrección

    Recurrida

SENTENCIA
(REGLA 50)

San Juan, Puerto Rico, a 12 de mayo de 2014.

Examinado el escrito titulado *Certiorari y Auxilio de Jurisdicción* y la *Urgente comparecencia especial,* presentadas por el Sr. Eliezer Santana Báez, en virtud de la facultad que nos confiere la Regla 50 de nuestro Reglamento, 4 LPRA Ap. XXI-B, se acoge como una petición de *certiorari*, se expide el auto solicitado y se dicta Sentencia mediante la cual revocamos el dictamen del Tribunal de Apelaciones de 31 de enero de 2014, notificado el 7 de febrero de 2014, solo en cuanto a la orden para que el peticionario deposite $50 en sellos de rentas como sanción.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión de conformidad. El Juez Asociado señor Martínez Torres emitió una Opinión disidente a la cual se une el Juez Asociado señor Feliberti Cintrón. La Jueza Presidenta Interina señora Fiol Matta no intervino.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eliezer Santana Báez

    Peticionario

      v.                      MO-2014-5

Administración de Corrección

    Recurrida

Opinión de conformidad emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 12 de mayo de 2014.

El mandato de acceso a la justicia no puede quedarse en meros discursos. Hay que poner la palabra en la acción. Por eso no procede la desestimación.

En el caso de autos, el Sr. Eliezer Santana Báez, quien se encuentra confinado, presentó un *Certiorari y Auxilio de Jurisdicción* y una *Urgente comparecencia especial,* mediante la cual solicita la revisión de una sentencia emitida por el Tribunal de Apelaciones el 31 de enero de 2014, notificada el 7 de febrero de 2014, en el caso KLRA201301160 ante ese tribunal.

En síntesis, sostiene que el foro intermedio erró al confirmar la suspensión de visitas,

recreación activa y comisaría como medida disciplinaria que aplicó la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. A su vez, señala que el Tribunal de Apelaciones le impuso una sanción de $50 por presentar el recurso de revisión al concluir que éste era uno frívolo, y le advirtió que el incumplimiento con el pago de ésta podría conllevar el que fuera sancionado con pena de cárcel por desacato. Como consecuencia, el señor Santana Báez solicitó la paralización del dictamen recurrido, en cuanto a la sanción impuesta.

No obstante, a pesar de que la petición del señor Santana Báez alude a exhibits, el documento tramitado por la Administración de Corrección no incluye la sentencia emitida por el Tribunal de Apelaciones de la cual se recurre.

Es mi postura que el hecho de que la documentación tramitada por conducto de la agencia no contenga copia de la sentencia emitida por el foro recurrido, no constituye un impedimento real y meritorio que impida a este Tribunal atender el caso en los méritos, a la luz de las circunstancias particulares del reclamo que nos ocupa.

Tal visión encuentra apoyo en la política pública incorporada en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24 *et seq.*, que reconoce la responsabilidad de propiciar a toda la ciudadanía acceso inmediato y económico a un sistema de

justicia **sensible a la realidad de los distintos miembros de la sociedad**. Exposición de Motivos de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico 2003 (2003 Leyes de Puerto Rico 971); Fraya v. A.C.T., 162 DPR 182, 189 (2004). Así, el Art. 1.002(a) de ese estatuto dispone, en lo pertinente, que la Rama Judicial será "accesible a la ciudadanía; prestará servicios de manera equitativa, **sensible y con un enfoque humanista**". 4 LPRA sec. 24a. Como consecuencia, existe una política de apertura a los tribunales que propicia la atención en los méritos de los recursos ante nuestra consideración. Por ello, el incumplimiento con nuestro reglamento, no necesariamente provoca un impedimento real y meritorio que nos impida atender el caso en los méritos. Véase, Román *et als*. v. Román *et als*., 158 DPR 163, 167-169 (2002). La razón para ello es que se busca conciliar el deber de las partes a cumplir con los reglamentos procesales y el derecho estatutario de todo ciudadano a la revisión.

Ciertamente, las partes vienen obligadas a cumplir con las disposiciones reglamentarias y el que comparezcan por derecho propio, por sí, no justifica el incumplimiento con reglas procesales. Febles v. Romar, 159 DPR 714, 722 (2003). Sin embargo, no es menos cierto que, en ocasiones anteriores, este Tribunal ha considerado la realidad de los reclusos que litigan sus causas por derecho propio a los fines de crear un justo

balance entre lo procesal y el acceso a la justicia. De esta forma, hemos evitado que la aplicación automática e inflexible de los requisitos reglamentarios prive a un litigante de su derecho de acceso a los tribunales. Véase, Álamo Romero v. Adm. de Corrección, 175 DPR 314, 322 (2009). El hecho de que haya que cumplir con las disposiciones reglamentarias no implica una "adhesión inflexible" a los reglamentos. Gran Vista I v. Gutierrez y otros, 170 DPR 174, 186 (2007); Rodríguez v. Sucn. Martínez, 151 DPR 906, 913 (2000).

Al momento de evaluar si procede la petición del señor Santana Báez, se debe considerar que el principio fundamental de nuestro ordenamiento jurídico es uno de acceso a la justicia. Así, en el caso de confinados que comparecen *pro se*, nada impide a este Tribunal tomar conocimiento judicial de hechos adjudicativos de fácil corroboración. La razón para esto consiste en que la sentencia del Tribunal de Apelaciones y su notificación es un hecho susceptible de corroboración inmediata y exacta mediante fuentes que no pueden ser razonablemente cuestionadas. Por ende, la falta de ese documento no impide a este Tribunal el resolver el asunto traído a nuestra atención.

En el caso de autos, considero que el señor Santana Báez provee datos suficientes que permiten la búsqueda de la sentencia emitida por el foro intermedio para determinar si poseemos jurisdicción para atender el

recurso. Véase, Regla 201 de las Reglas de Evidencia 2009, 32 LPRA Ap. VI.

De otra parte, me resulta sospechoso que en casos en los que se impugna la conducta o proceder negligente de empleados correccionales no se acompañe la sentencia del Tribunal de Apelaciones objeto de revisión.[1] Ello, pues, en estos casos, los confinados dependen de la Administración de Corrección para el trámite y envío del recurso al correspondiente foro. Es decir, el confinado carece de control una vez entrega los documentos a los oficiales correccionales para su tramitación. Ante esa realidad, el curso de acción propuesto es cónsono con la política de facilitar acceso a las cortes a los confinados, un derecho que venimos obligados a proteger. Véase, Bounds v. Smith, 430 US 817, 821, 97 S.Ct. 1491, 1494 (1977).

Asimismo, me preocupa enormemente la sanción económica impuesta por el Tribunal de Apelaciones al señor Santana Báez con el referido apercibimiento de un posible desacato ante su incumplimiento. Este tipo de medida no tan sólo puede resultar en una sumamente onerosa, sino que desalienta que los confinados ejerzan su derecho a revisión cuantas veces entiendan que les asiste el derecho. No podemos perder de perspectiva que éstos, en la mayoría de los casos, carecen de los

---

[1] Máxime cuando el peticionario hace, en algunas instancias, referencias a "exhibit […] de este escrito", refiriéndose al escrito presentado ante este Tribunal.

conocimientos necesarios para discernir ante posibles escenarios jurídicos. Además, la imposición de este tipo de sanción económica responde a un enajenamiento de la realidad que vive este grupo de nuestra sociedad. Tal situación tiene, a su vez, matices más abarcadores para este grupo de personas. No se trata tan sólo de una imposición que afecta el peculio de unos individuos carentes de recursos económicos para poder cumplir con lo ordenado, sino que, además, contiene implicaciones mucho más serias y efectos colaterales posteriores en cuanto al incumplimiento. Así, de no cumplir con lo ordenado, el confinado sería incurso en desacato cometiendo un nuevo delito que sería considerado para cambios de custodia o el privilegio de libertad bajo palabra, entre otros.

Resulta desacertado acudir a otros precedentes que se alejan diametralmente de las circunstancias particulares de este caso, y mucho más al récord de reclamos previos de una parte en particular. El hecho de que el señor Santana Báez no prevaleciera en su reclamo, o que haya acudido en múltiples ocasiones al foro recurrido, en el ejercicio de revisión de resoluciones administrativas, no constituye, por sí solo, una razón suficiente para determinar la frivolidad de su reclamo. Al estudiar sus contenciones, me parece que éstas no llegan al matiz de frivolidad que implicaría la imposición de una sanción como la de autos. El señor Santana Báez, entre otras, entendió que la determinación

administrativa era violatoria de las determinaciones del caso federal  Morales Feliciano, et als. v. Fortuño, et als., USDS Civil Núm. 79-4 e invocó normas de derecho internacional. Igualmente, indicó que no estaba en el lugar al momento de los hechos, por lo que no le procedía la medida disciplinaria impuesta.

Por tanto, entiendo que no nos encontramos ante la frivolidad que requiere la Regla 85 del Reglamento del Tribunal de Apelaciones para imponer sanciones. Véase, 4 LPRA Ap. XXII-B. Asimismo, basta con examinar la sentencia emitida para percatarse de que el foro apelativo intermedio no cumplió con la obligación de fundamentar debidamente las razones para la imposición de la sanción, tal y como lo dicta la aludida regla. Un mero párrafo con alusiones al pasado del peticionario no puede ser fundamento para imponer una sanción que puede tener repercusiones en la libertad de un ser humano.

Por tal razón, considero que la determinación de este Tribunal, en el trámite del asunto ante nuestra consideración, resulta la más adecuada y propia a los intereses de proveer la oportunidad de acceso a los tribunales y adjudicación en los méritos, en una manera sensible y humanista, tal y como lo dicta la política pública que emana de la Ley de la Judicatura.

Ignorar lo expuesto, equivaldría a validar que la discreción se ejerza en el vacío y de modo arbitrario.


                              Luis F. Estrella Martínez
                              JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eliezer Santana Báez

    Peticionario

       v.

                    MO-2014-5

Administración de Corrección

    Recurrida

Opinión disidente emitida por el Juez Asociado señor MARTÍNEZ TORRES a la que se unió el Juez Asociado señor FELIBERTI CINTRÓN.

San Juan, Puerto Rico, a 12 de mayo de 2014.

Disiento respetuosamente del curso seguido en la Sentencia que precede. En este caso se incumplió crasamente con la Regla 34 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. Esa Regla exige presentar copia de todos aquellos documentos necesarios para establecer de manera fehaciente la jurisdicción del Tribunal. En este caso no se acompañó la sentencia del Tribunal de Apelaciones de la cual se recurre. Ante ese incumplimiento, procede desestimar el caso. Soto Pino v. Uno Radio Group, Op. de 27 de junio de 2013, 2013 TSPR 75, 2013 JTS 78 (pág. 1678), 189 DPR __ (2013); Cárdenas Maxán v.

Rodríguez, 119 DPR 642, 659 (1987). De hecho, todavía no se ha secado la tinta de lo resuelto en Soto Pino v. Uno Radio Group, supra. Esa Opinión la emitimos para reafirmar que todo litigante tiene el deber de cumplir fielmente con las normas reglamentarias en los procesos apelativos. Íd. Es funesto que reafirmemos una norma y a los pocos meses la echemos al olvido. Cuando un tribunal carece de jurisdicción, no puede hacer otra cosa que reconocerlo y desestimar el caso. S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011). Así lo hacemos siempre.

La mayoría del Tribunal está en desacuerdo con la sanción que impuso el Tribunal de Apelaciones en el ejercicio de su discreción. La Sentencia del Tribunal de Apelaciones, pág. 12, revela que el señor Santana Báez **ha presentado ante la Secretaría del Tribunal de Apelaciones 180 recursos judiciales dentro del periodo comprendido entre los años 2009-2013.** A ese número hay que añadirle el caso que nos ocupa. Aquí el señor Santana Báez interesa que se revoque una resolución administrativa que confirmó la suspensión de privilegios como medida de seguridad al amparo de la Regla 9 del Reglamento Disciplinario para la Población Correccional, Reglamento Núm. 7748 de 23 de septiembre de 2009. El señor Santana Báez acepta en su escrito que hubo una reyerta en la que hubo confinados heridos. La Regla 9 del Reglamento Disciplinario para la Población Correccional, íd., permite suspender privilegios en situaciones que atenten contra la seguridad institucional.

El Art. 1.002(a) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24a, establece que la Rama Judicial será "accesible a la ciudadanía; prestará servicios de manera equitativa, sensible y con un enfoque humanista". Ahora bien, esa disposición de ley no impide que los tribunales impongan sanciones o desestimen casos frívolos. Ante el asedio constante de recursos frívolos como este por parte del señor Santana Báez, es ineludible concluir que el foro apelativo intermedio no abusó de su discreción al imponer la multa.

Como norma general, este Tribunal no debe pretender administrar ni manejar el trámite regular de los casos ante el foro apelativo intermedio. Solo ante un abuso de discreción es que procede intervenir con ese manejo. García López y otros v. E.L.A., 185 DPR 371 (2012). Es cierto que la "tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". Rivera y otros v. Bco. Popular, 152 DPR 140, 155 (2000).

Un tribunal incurre en abuso de discreción

cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y

calibra livianamente. <u>Pueblo v. Rivera Santiago</u>, 176 D.P.R. 559, 580 (2009).

Es un gran error intervenir en este caso, en el que **<u>no</u>** tenemos jurisdicción, para cercenar la discreción del Tribunal de Apelaciones que impuso una multa de $50. Esa sanción es usual y no constituye un abuso de discreción. Por ejemplo, en <u>Nieves Huertas et al. v. ELA I</u>, (Sentencia), 2013 TSPR 106, 2013 JTS 109, 189 DPR __ (2013), impusimos una sanción de $10,000 en honorarios de abogados a unos litigantes <u>pro se</u> que presentaron un caso frívolo.

Tal parece que este Foro le otorga demasiado peso al hecho de que el señor Santana Báez es un confinado que comparece <u>pro se</u>. A diferencia del Tribunal, opino que ese hecho no altera este análisis. Nuestro ordenamiento jurídico es claro en establecer que el litigante <u>pro se</u> no tiene derecho a que se le apliquen reglas procesales distintas ni a que se le releve de cumplir con la normativa aplicable. "La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 de este apéndice provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada". Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V. Véase <u>Febles v. Romar</u>, 159 DPR 714, 722 (2003).

> En su dimensión procesal, el principio rector de la *igual protección de las leyes*, nos obliga a usar dos (2) varas iguales para medir y adjudicar recursos ante el Tribunal de Circuito de Apelaciones y este Foro; esto es interpretar y

aplicar rectamente *las mismas normas reglamentarias* que requieren determinados documentos, imprescindibles en los apéndices, demostrativos de la jurisdicción apelativa y los méritos del recurso. <u>Codesi, Inc. v. Mun. de Canóvanas</u>, 150 DPR 586, 589 (2000). (Énfasis en el original).

Con más razón, el mismo principio aplica cuando se trata de los casos ante nos.

Hasta el presente, *constantemente* este Tribunal se ha negado a expedir recursos por deficiencias como las que contiene la apelación del Municipio, en recursos presentados ante nos (o ante el Tribunal de Circuito de Apelaciones). En esas circunstancias hemos fundamentado nuestra determinación en "*ausencia de jurisdicción*" (prematura, tardía e, incluso, no demostrada), o "*por incumplimiento craso con el Reglamento*". *Arriaga v. F.S.E.*, 145 DPR 122 (1998). <u>Íd.</u>, págs. 589-590.

Más aun, recientemente resolvimos que la condición de confinado no constituye de por sí y automáticamente la justa causa que exige el Art. 2a de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077a, para eximir del requisito de notificación al Estado. Véanse, <u>Rosario Mercado v. ELA</u>, Op. de 26 de septiembre de 2013, 2013 TSPR 104, 2013 JTS 107, 189 DPR ___ (2013); <u>ELA v. Martínez Zayas</u>, 188 DPR 749, 750-755 (2013), (Opinión de Conformidad de la Jueza Asociada señora Pabón Charneco a la cual se unieron los Jueces Asociados señores Martínez Torres, Rivera García y Feliberti Cintrón). El fundamento principal para arribar a ese resultado **es que todos los litigantes son iguales ante la ley**, como lo dejó claro la Regla 9.4 de Procedimiento Civil, <u>supra</u>. A diferencia de esa línea jurisprudencial, la Sentencia del Tribunal otorga un trato especial al

peticionario Santana Báez por su condición de reo. Véase la Opinión de conformidad emitida por el Juez Asociado señor Estrella Martínez en este caso.

Allí se excusa la omisión en el apéndice del dictamen a revisarse porque el peticionario es confinado y la Administración de Corrección no cooperó. La excusa es muy conveniente. No hay nada que pueda asegurar a este Tribunal de que eso es cierto. De hecho, nada impide a un confinado hacer arreglos para que alguien le procure unas fotocopias fuera del penal. El peticionario debió, además, sopesar las dificultades que podría enfrentar para presentar un recurso completo a tiempo, antes de insistir en proseguir sin abogado. Es claro que el deber de perfeccionar un recurso siempre es del peticionario. Véase, Regla 9.4 de Procedimiento Civil, _supra_. No actuamos de manera justa al relevar al peticionario Santana Báez de los requisitos de nuestro Reglamento para buscar nosotros la sentencia que no se incluyó en el apéndice del recurso. No lo hacemos con nadie más. Mucho menos somos una "oficina de archivos" (_record room_) del peticionario. Véase, _e.g._, _Pérez v. C.R. Jiménez, Inc._, 148 DPR 153, 154 (1999) (Voto concurrente del Juez Asociado señor Negrón García).

En conclusión, es desacertada la Sentencia del Tribunal que decide intervenir en un caso aunque no tiene jurisdicción para ello. Pero más aún, el Tribunal interviene indebidamente con la discreción que tiene el Tribunal de Apelaciones para atender el trámite de los

casos ante su consideración. Ese curso de acción desafortunado me obliga a disentir.

Lamentablemente, este Tribunal le amarra las manos a los jueces, con el resultado de que estos no puedan tomar medidas para manejar eficientemente sus calendarios judiciales. Con eso no solo se castra su autoridad como jueces; también se perjudica a nuestro Pueblo. Este vendrá obligado a solventar un sistema de tribunales, no para atender los casos meritorios de todos, incluyendo los confinados, sino para soportar la dilación producto de la permanencia en el sistema de los recursos frívolos que presenten algunos reos, por derecho propio. A los abogados no les permitimos obviar los requisitos reglamentarios pero al peticionario sí. Compárense <u>Soto Pino v. Uno Radio Group</u>, <u>supra</u>, pág. ___, 2013 JTS 78, pág. 1678; <u>Matos v. Metropolitan Marble Corp.</u>, 104 DPR 122, 125 (1975) (no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo"...). En fin, el confinado que comparece por derecho propio es ahora un litigante privilegiado que tiene más derechos que nadie. Eso se conoce ahora con el eufemismo de "justicia sensible y humanista". Ante esta doble vara no es de extrañar, entonces, que haya personas que no crean que en nuestros tribunales se dispensa justicia. En realidad, ¿qué es lo que estamos garantizando? ¿Acceso a la injusticia? ¿Trato desigual y privilegiado?

Por todo lo anterior ofrezco un consejo a mis hermanos jueces del Tribunal de Apelaciones. Lamento tener que

recomendarles que no se molesten en imponer sanciones en casos frívolos, por más que un litigante haya abusado de los procedimientos, de ustedes o de la otra parte. La moderación o severidad de la sanción y los hechos que la justifican no importan. Para desgracia de todo Puerto Rico, vuestra discreción y facultades como jueces no serán respetadas en el Tribunal Supremo.


                                RAFAEL L. MARTÍNEZ TORRES
                                     Juez Asociado